UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

ROSALYN WYLES, for herself and on
behalf of all others similarly situated,

CASE NO. _OScu 2798 JRT/JJ6_

Plaintiff,

v.

**CLASS ACTION COMPLAINT**

EXCALIBUR I, LLC,

**DEMAND FOR JURY TRIAL**

Defendant.

For her complaint, plaintiff Rosalyn Wyles, for herself and on behalf of all others similarly situated, states and alleges as follows:

### INTRODUCTION

This case arises out of defendant's improper debt-collection practices. Defendant Excalibur I, LLC, ("Excalibur") purchases charged-off consumer debt for collection and, in attempting to collect that debt, routinely collects interest and attorneys' fees to which it is not entitled. This practice violates the Fair Debt Collection Practices Act.

### JURISDICTION AND VENUE

1.     This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

2.     Venue is appropriate because this case arises out of transactions conducted within this district.

### PARTIES

3.     Plaintiff is a Minnesota resident. She resides in St. Louis Park, Minnesota.



4. Excalibur is a New York limited liability company with a principal office located at 3000 Marcus Avenue, Suite 1W5, Lake Success, New York. Excalibur is a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., because it purchases defaulted debt for collection and it regularly engages in debt collection.

## BACKGROUND

5. At various times within the past year, plaintiff has been subject to illegal debt-collection practices on the part of the defendant.

6. The practices arise out of Excalibur's acquisition of a debt plaintiff originally owed to Chase Manhattan Bank, N.A. ("Chase"). Plaintiff opened a revolving credit (credit card) account with Chase in 1996 and used the account to purchase goods and services and for cash advances.

7. Sometime in or around 2001, plaintiff defaulted on her Chase account. Chase charged off the account as a bad debt sometime in 2002. At the time of charge off, plaintiff's account had a balance of $13,094.

8. In May 2004, Excalibur commenced an action against plaintiff in a Minnesota state court. In its complaint, Excalibur alleged that it had purchased plaintiff's account from Chase and sought judgment in the amount of $17,598.76. This amount consisted of $13,094.36 in principal, $3,666.42 in attorneys' fees, and $832.98 in interest. The attorneys' fees demanded constitute 28 percent of the alleged principal.

9. On June 2, 2005, default judgment was entered in the state-court action in favor of Excalibur in the amount of $17,091.71, including $1,657.35 in interest and $1,800 in attorneys' fees.

2

10.     In August 2005, Excalibur levied on plaintiff's bank account, obtaining approximately $615.00.  In November 2005, plaintiff made a payment of $9,500 to Excalibur's Minnesota counsel, Messerli & Kramer, P.A. ("Messerli"), in exchange for a satisfaction of judgment.

11.     Under the terms of Excalibur's fee agreement with Messerli, a percentage of the approximately $10,115 that Excalibur collected from plaintiff was paid to Messerli as attorneys' fees.

12.     No contract or statute entitles Excalibur to the attorneys' fees included in the judgment it obtained against plaintiff.  When Excalibur purchased plaintiff's Chase account it did not acquire Chase's contractual right to attorneys' fees.  The collection of attorneys' fees that are not expressly authorized by contract or permitted by law is a violation of the FDCPA.

13.     No contract or statute entitles Excalibur to the interest included in the judgment it obtained against plaintiff.  When Excalibur purchased plaintiff's Chase account it did not acquire Chase's contractual right to interest.  The collection of any amount of interest that is not expressly authorized by contract or permitted by law is a violation of the FDCPA.

## CLASS ACTION ALLEGATIONS

14.     This class action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class consists of the following persons:

> **Every consumer whose charged-off credit account was purchased by Excalibur and from whom Excalibur, on or after December 5, 2004, collected interest and/or attorneys' fees on the basis of a contract between the consumer and the original credit issuer.**

15.     Members of the class are so numerous that joinder is impracticable. Excalibur is a high-volume debt collector, including charged-off credit-card accounts, and is a regular bulk purchaser of consumer debt.

16.     Plaintiff Rosalyn Wyles will assure the adequate representation of all members of the class and has no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of defendant. Plaintiff has no interest or relationship with the defendant that would prevent her from litigating this matter fully. Plaintiff is aware that she cannot settle a class action without Court approval and will vigorously pursue the class claims throughout the course of this action.

17.     A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they all involve the same type of debt, raise the same questions of law, and involve the same methods of collection by the same defendant in violation of the same laws. Most, if not all, facts needed to determine damages are obtainable from defendant's records. The purpose of the FDCPA will be best effectuated by this class action, as well.

18.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Furthermore, as the damages suffered by most members of the class are relatively small, in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them. Many, if not all, class members are unaware that claims exist against the defendant. There will be no unusual difficulty in the management of this action as a class action.

19.     Three common questions of law and fact predominate over all matters in this action. The common questions are: (1) whether the defendant is a debt collector under the

4

FDCPA; (2) whether the defendant violated the FDCPA when it collected interest on charged-off consumer debt it had purchased; and (3) whether the defendant violated the FDCPA when it collected attorneys' fees on charged-off consumer debt it had purchased.

20. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

### COUNT I – F.D.C.P.A. – COLLECTION OF UNAUTHORITZED INTEREST

21. Plaintiff restates and realleges the above paragraphs as if fully set forth.

22. This claim against the defendant is brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

23. The claim covers a period of time dating back to one year from the commencement of this lawsuit.

24. In the course of collecting consumer debt, the defendant has collected interest in the absence of a contractual or statutory right to interest.

25. This act violates the Fair Debt Collection Practices Act, and more specifically 15 U.S.C. §§ 1692 (f). This violation entitles plaintiff and class members to the remedies set forth in 15 U.S.C. § 1692(k).

### COUNT II – F.D.C.P.A. – COLLECTION OF UNAUTHORIZED ATTORNEYS' FEES

26. Plaintiff restates and realleges the above paragraphs as if fully set forth.

27. This claim against the defendant is brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

28. The claim covers a period of time dating back to one year from the commencement of this lawsuit.

29.     In the course of collecting consumer debt, the defendant has collected attorneys' fees in the absence of a contractual or statutory right to attorneys' fees.

30.     This act violates the Fair Debt Collection Practices Act, and more specifically 15 U.S.C. §§ 1692(f). This violation entitles plaintiff and class members to the remedies set forth in 15 U.S.C. § 1692(k).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for the following relief:

A.     Certification of the class under Rule 23 of the Federal Rules of Civil Procedure with the named plaintiff as class representative;

B.     A declaration that plaintiff has standing to bring this suit;

C.     An award of judgment entitling plaintiff and all class members to all the remedies set forth in 15 U.S.C. § 1692(k);

D.     An order requiring restitution to plaintiff and all class members of all amounts paid in connection with demands by the defendant for attorneys' fees to which the defendant was not legally entitled;

E.     An order requiring restitution to plaintiff and all class members of all amounts paid in connection with demands by the defendant for interest to which the defendant was not legally entitled;

F.     An award to plaintiff and class members of all other remedies that equitably and reasonably flow from the defendant's breaches of federal law and the obligations that arise therefrom;

G.     Awarding to plaintiff and class members their reasonable attorneys' fees, costs, disbursements and prejudgment interest; and

6

H.    Awarding such other and further relief as to the Court appears just, equitable and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated this 5th day of December, 2005.

Respectfully submitted,

Wood R. Foster, Jr.
Jordan M. Lewis
Mark Thieroff
**Siegel, Brill, Greupner,**
   **Duffy & Foster, P.A.**
1300 Washington Square
100 Washington Avenue S
Suite 1300
Minneapolis, MN  55401
(612) 339-7131

**ATTORNEYS FOR PLAINTIFF**

CK 153066

LAW OFFICES

## SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.

1300 WASHINGTON SQUARE

100 WASHINGTON AVENUE SOUTH

MINNEAPOLIS, MINNESOTA 55401

TELEPHONE (612) 337-6100

FACSIMILE (612) 339-6591

Writer's E-Mail Address: MarkThieroff@SBGDF.com

Writer's Direct Dial Number:  (612) 337-6102

JOSIAH E. BRILL, JR.
JAMES R. GREUPNER
GERALD S. DUFFY
WOOD R. FOSTER, JR.
THOMAS H. GOODMAN
JOHN S. WATSON
WM. CHRISTOPHER PENWELL
ANTHONY J. GLEEKEL
SHERRI L. ROHLF
JORDAN M. LEWIS*
BRIAN E. WEISBERG
STEVEN J. WEINTRAUT
M. GREGORY SIMPSON
JAMES A. YAROSH

MICHAEL J. VIOLA**
JERRIE M. HAYES
JAY B. STREITZ
MARK THIEROFF
BREANNA L. YOUNG
KRISTIN L. KINGSBURY

*1845 WALNUT STREET
24TH FLOOR
PHILADELPHIA, PA 19103
(215) 814-9322
FAX (215) 814-9323

*ALSO ADMITTED IN PENNSYLVANIA
  AND WISCONSIN
**ALSO ADMITTED IN CALIFORNIA

December 5, 2005

Clerk of U.S. District Court
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

**Re:   Rosalyn Wyles v. Excalibur I, LLC**
**Our File No. 24,354-MT**

Dear Sir/Madam:

Enclosed for filing in the above-referenced matter, please find the following:

1.   A Civil cover sheet; and
2.   A Summons and Complaint.

Also enclosed is our $250.00 filing fee.

Very truly yours,

Mark Thieroff

MT/cg

Enclosures

cc:   Rosalyn Wyles (w/encl.)

RECEIVED
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINN.
'05 DEC -5  PM 1:01