# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ROSALYN WYLES,

            Plaintiff,

v.

EXCALIBUR I, LLC,

            Defendant.

Civil No. 05-2798 (JRT/JJG)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

    Mark H. Thieroff and Wood R. Foster, Jr., **SIEGEL BRILL GREUPNER DUFFY & FOSTER, PA**, 100 Washington Avenue South, Suite 1300, Minneapolis, MN 55401; and Jordan M. Lewis, **SIEGEL BRILL GREUPNER DUFFY & FOSTER, PA**, 1845 Walnut Street, 24th Floor, Philadelphia, PA 19103, for plaintiff.

    Kevin P. Hickey and Michael A. Klutho, **BASSFORD REMELE, PA**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, for defendant.

    Plaintiff Rosalyn Wyles ("Wyles") brings this lawsuit against defendant Excalibur I, LLC ("Excalibur"), claiming that it violated the federal Fair Debt Collection Practices Act ("FDCPA"). Following a hearing, United States Magistrate Judge Jeanne J. Graham recommended granting defendant's motion to dismiss. The parties filed objections to the Magistrate Judge Report and Recommendation dated April 28, 2006. The Court has conducted a de novo review of the parties' objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and for the reasons set forth below,

overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

This dispute arises out of the collection of a credit card debt. In 2001, Wyles defaulted on approximately $13,000 in credit card debt. The credit card company, Chase Manhattan Bank, N.A. charged off the debt in 2002, and sold the debt to Excalibur. In May 2004, Excalibur commenced an action in Minnesota District Court to collect the debt (the "Minnesota action"). Wyles did not appear in that action, and the Minnesota District Court entered a default judgment in June 2005. The total judgment was approximately $17,000, with interest and attorneys' fees. After receiving the judgment, Excalibur levied Wyles's bank accounts. In November 2005, Wyles reached a settlement with Excalibur, paying $9,500 to fully discharge the judgment.

Wyles initiated this action in December 2005, claiming that Excalibur violated the FDCPA. Wyles alleges that Excalibur was not entitled to collect interest or attorneys' fees with her debt.

In the Report and Recommendation, the Magistrate Judge recommended granting Excalibur's motion to dismiss, on the basis that Wyles's lawsuit was barred by the statute of limitations. Both parties object to the Report and Recommendation.

## ANALYSIS

**I.   *ROOKER-FELDMAN* DOCTRINE**

Excalibur objects to the Magistrate Judge's conclusion that the *Rooker-Feldman* doctrine does not bar Wyles's lawsuit.  Under the *Rooker-Feldman* doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments."  *Mosby v. Ligon*, 418 F.3d 927, 932 (8th Cir. 2005).  "Instead, federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court."  *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000) (citing 28 U.S.C. § 1257).  However, as the Supreme Court in *Exxon* recently held, the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [Federal] district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  If a federal plaintiff "presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."  *Id.*

Since *Exxon*, two cases have considered the applicability of the *Rooker-Feldman* doctrine in cases where creditors obtain a judgment in state court, but subsequently have their collection practices challenged under the FDCPA in federal court.  *See Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432 (6th Cir. 2006); *Senftle v. Landau*, 390 F. Supp. 2d 463 (D. Md. 2005).  In both *Todd* and *Senftle*, the courts reasoned that

when a debtor brings an action under the FDCPA, the action does not challenge the state court judgment itself, but rather challenges the debt collection practices that led to the judgment. *Todd*, 434 F.3d at 437, *Senftle*, 390 F. Supp. 2d at 469. Because an FDCPA plaintiff is not challenging the validity of the debt, but rather the collection practices of the creditor, a claim under the FDCPA is an "independent claim" from a state court action to collect a debt, and Federal courts have jurisdiction over the case. *See Todd*, 434 F.3d at 437, *Senftle*, 390 F. Supp. 2d at 469.

Although not binding on this Court, the Court finds the reasoning in *Todd* and *Sentfle* persuasive. In the Minnesota action, the district court simply determined the validity of Wyles's debt to Excalibur. Here, in contrast, Wyles is presenting a claim under the FDCPA, challenging Excalibur's debt collection practices, and not the validity of the debt itself. *See Erickson v. Johnson*, 2006 WL 453201, *4 (D. Minn. Feb. 22, 2006) (noting that generally, "an action under the FDCPA is not contingent upon the validity of the underlying debt."). Therefore, because Wyles is asserting an independent claim under the FDCPA, the *Rooker-Feldman* doctrine does not divest this Court of subject matter jurisdiction in this case.

## II.   STATUTE OF LIMITATIONS

The FDCPA has a one-year statute of limitations. 15 U.S.C. 1692k(d). In Wyles's complaint, she asserts that Excalibur violated Section 1692f(1) of the FDCPA by seeking, ands receiving in the default judgment, an award of attorneys' fees and costs. Section 1692f(1) of the FDCPA prohibits a debt collector from collecting or attempting

to collect any fees or expenses incidental to the principal obligation, unless expressly authorized by the agreement creating the debt or permitted by law.

To determine whether Wyles's claim is barred by the statute of limitations, the Court must first determine when her cause of action accrued. Excalibur argues that Wyles's cause of action accrued on the date Excalibur commenced the Minnesota action. Wyles asserts that her cause of action accrued on the date the Minnesota District Court entered the default judgment against her.

In *Mattson*, the Eighth Circuit determined the date the cause of action accrued for a violation of section 1692e of the FDCPA. *Mattson v. U.S.W. Commc'ns, Inc.*, 967 F.2d 259, 260 (8th Cir. 1992). Section 1692e provides that it is a violation to represent or imply "that nonpayment of any debt will result in the arrest or imprisonment of any person," or to falsely represent or imply "that the consumer committed any crime or other conduct in order to disgrace the consumer." 15 U.S.C. § 1692e. The plaintiff in *Mattson* based her complaint on two dunning letters sent by a debt collector, which she alleged contained statements in violation of section 1692e. On appeal, the issue was whether statute of limitations began to run the day the debt collector mailed the letters, as the district court concluded, or whether it began to run on the day the plaintiff received the letters, as the plaintiff argued.

The Eighth Circuit affirmed. First, the Eighth Circuit looked to the intent of Congress with respect to the FDCPA, and stated, "While we understand that Congress' ultimate objective was to protect consumers from harassment by debt collectors, Congress intended to achieve this purpose by regulating the conduct of debt collectors."

*Id.* at 261. Second, the Eighth Circuit looked at the conduct of the debt collector, and determined that, once the debt collector "placed the letters in the mail, its conduct with respect to any violation of the FDCPA was complete. The date on which [the debt collector] mailed the letters was its last opportunity to comply with the FDCPA, and the mailing of the letters, therefore, triggered [the statute of limitations]." *Id.* Finally, the Eighth Circuit noted that the day of mailing "is a date which may be fixed by objective and visible standards, one which is easy to determine, ascertainable by both parties, and may be easily applied." *Id.* (internal quotations omitted).

In *Johnson v. Riddle*, 305 F.3d 1107, 1114 n.4 (10th Cir. 2002), the Tenth Circuit faced a similar issue in a case alleging a violation of section 1692f. In *Johnson*, the debt collector sent letters requesting repayment to the debtor, and finally commenced a lawsuit in state court against the debtor. The debtor subsequently filed suit in federal court, claiming that the debt collector's state court action violated section 1692f by seeking fees incidental to the principal obligation. The debtor argued that the cause of action accrued on the date she was served with the state court lawsuit, while the debt-collector contended that the cause of action accrued on the date the state court lawsuit was filed.

The Tenth Circuit held that the cause of action for a violation of section 1692f accrued on the date the debtor was served with the state court lawsuit, stating that the debtor and FDCPA plaintiff would not have "a complete and present cause of action," and thus no violation had occurred, until the debtor was served with the lawsuit. The court reasoned that, if the debt collector files suit against the FDCPA plaintiff, but then elects to call off the process server and abandon the collection suit before the plaintiff has

been served, "it cannot be said that the abandoned lawsuit constitutes an 'attempt to collect' on the debt within the meaning of the FDCPA, 15 U.S.C. § 1692f." *Id.* at 1113-14. Citing *Mattson*, the court also noted, "the decision of whether to serve the debtor is the creditor's last opportunity to comply with the FDCPA." *Id.* at 1114 n.4.

The Court finds that, under the reasoning in *Mattson*, Wyles's cause of action accrued the date she was served with the Minnesota lawsuit, because that was the last opportunity for the debt collector to comply with the FDCPA. Once Wyles was served, the lawsuit was commenced against her, and Excalibur's violation of § 1692f, by attempting or attempting to collect fees incidental to the underlying obligation, was complete at that time. Moreover, using the date of commencement of the lawsuit for the accrual date focuses on the conduct of the debt collector, as the Eighth Circuit did in *Mattson*. In contrast, the date of the Minnesota default judgment would focus on the action of the court, rather than the conduct of the debt collector. Finally, Wyles does not allege that Excalibur engaged in harassment or other actionable conduct during the Minnesota action. *Cf. Campos v. Brooksbank*, 120 F. Supp. 2d 1271, 1273-74 (D.N.M. 2000) (denying the defendant's motion to dismiss FDCPA claim based on the statute of limitations, where the plaintiff alleged that the defendant engaged in additional, subsequent, and specific acts that violated the FDCPA during the state court litigation).

The Minnesota action was commenced against Wyles in May 2004. Wyles did not file this lawsuit until June 2005, over one year after her cause of action accrued. Wyles's action is therefore barred by the statute of limitations.


# ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** Wyles's objection [Docket No. 40] and Excalibur's objection [Docket No. 41] and **ADOPTS** the Report and Recommendation [Docket No. 37].  Accordingly, **IT IS HEREBY ORDERED** that Excalibur's Motion to Dismiss [Docket No. 7] is **GRANTED** and that this matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   September 7, 2006            s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                           United States District Judge